IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESTMORE EQUITIES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| VILLAGE OF COULTERVILLE, | ) Case No. 3:15-cv-241-MJR-DGW |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| MORAN ECONOMIC DEVELOPMENT, LLC, | ) |
| Third-Party Defendant. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is Third Party Defendant Moran Economic Development, LLC's ("Moran") Motion to Vacate Order on Motion To Quash Subpoena, and to Transfer Motion to Quash Subpoena, Pursuant to 28 U.S.C § 1631 to the United States Court for the Western District of Missouri (Doc. 65). For the reasons set forth below, Moran's Motion to Vacate and Transfer is **DENIED**.

BACKGROUND

In this action, Westmore Equities, LLC ("Westmore") filed suit against the Village of Coulterville ("the Village") for failing to perform on a contract involving tax increment financing. Subsequently, the Village, acting as a third party plaintiff, sued Moran alleging, among other things, fraudulent inducement of its contract with Westmore. In January, 2016, the Village issued a subpoena to a non-party in this action, Commerce Bank, seeking financial

information about Moran ("the Subpoena"). On January 15, 2016 Moran filed a motion to quash the Subpoena issued to Commerce Bank. After the issues were fully briefed, this Court held a hearing on Moran's motion to quash on January 21, 2016. The Court then issued an order granting the motion in part and denying the motion in part (Doc. 63). Specifically, the Court ruled in pertinent part,

> . . . the Village is ORDERED to reissue its subpoena to Commerce Bank by January 29, 2016, with an amendment of the time period for which documents are sought from the inception of Moran Economic Development, LLC to the present. The Village is ORDERED to provide that Commerce Bank's response is due twenty days from the date of issuance. The Court is inclined to enter a protective order concerning the documents produced by Commerce Bank in response to the Village's Subpoena. Accordingly, Moran and the Village are ORDERED to provide the Court with a joint proposed protective order, or, if the parties cannot agree on a proposed protective order, both Moran and the Village shall submit their own proposed protective order.

The Village reissued the Subpoena in compliance with the undersigned's order on January 26, 2016 (Doc. 70-1). On February 1, 2016 Moran filed a motion to Vacate Order on Motion to Quash Subpoena, and to Transfer Motion to Quash Subpoena Pursuant to 28 U.S.C. § 1631, to the United States District Court for the Western District of Missouri (Doc. 65). On February 5, 2016, the Village of Coulterville filed its response (Doc. 69).

## DISCUSSION

In its Motion to Vacate, Moran requests that this Court vacate its previous order allowing the Village to proceed with the Subpoena issued to Commerce Bank arguing, for the first time, that the Court lacks subject matter jurisdiction to hear the matter. This argument is wholly without merit.[1]

Moran cites Federal Rules of Civil Procedure 45(c)(2)(A) and 45(d)(3), as well as 28

---

1 The Court notes that discovery has closed in this matter. The trial date is rapidly approaching and Moran is faced with an order it does not agree with.

U.S.C. § 1631 as the basis for its argument seeking to vacate and transfer. At the outset, the Court finds that 28 U.S.C. §1631 is inapplicable in this instance as it relates to the transfer of civil actions or petitions for review of administrative actions, not motions such as the one at issue here. Accordingly, the Court finds that 28 U.S.C. §1631 does not provide, or require, that this Court's Order be vacated or that Moran's Motion to Quash be transferred to another district.

The crux of Moran's argument, however, is based on Rule 45(d)(3) of the Federal Rules of Civil Procedure. Rule 45(d)(3), states, in pertinent, that the court the district *where compliance is required* must quash or modify a subpoena. Moran argues that because the subpoena was addressed to Commerce Bank in Kansas City, Missouri, the Western District of Missouri is the court where compliance is required and, therefore, the motion to quash should be transferred there and the Court's previous order should be vacated as a nullity. In support of its argument, Moran cites *Agincourt Gaming, LLC v. Zynga, Inc.*, a case out of the United States District Court, District of Nevada. In *Agincourt*, the District of Nevada found it lacked jurisdiction to rule on pending subpoena-related motions to the extent they related to respondents who either resided and/or worked in the Northern District of California. 2014 WL 4079555, *4 (D. Nev. August 15, 2014). The Court noted, in particular, that the subpoena respondents were required to produce documents at a law office within the Northern District of California. *Id.* *3-4. The circumstances presented here are wholly different than those presented in *Agincourt*.

In the case at bar, the subpoena was issued by the United States District Court for the Southern District of Illinois to Commerce Bank at an address located in Kansas City, Missouri. To comply with the Subpoena, Commerce Bank was directed to provide "[a]ll documentation pertaining to Accounts maintained for Moran Economic Development, LLC" to Schuering Law,

3

Ltd., Post Office Box 9622, Springfield, Illinois 62791-9622 (Docs. 52-3 and 70-1). Thus, the *place of compliance* is Springfield, Illinois. *See* FED. R. CIV. P. 45(c) advisory committee's note (2013); *see also Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405 (N.D. Ala. November 4, 2014). On this basis alone, the Court finds that Moran's request to transfer its motion to quash to the Western District of Missouri is **DENIED**.

For subpoenas seeking the production of documents, electronically stored information, or tangible things, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). A subpoena that commands production outside these limits must be quashed or modified. FED. R. CIV. P. 45(d)(3)(A)(ii). Importantly, the 2013 Advisory Committee Notes make clear that, while the rule now specifies default geographic limits on place of production, it is expected that lawyers will continue to *cooperate* and use *common sense* to facilitate the sensible production of documents and ESI and avoid putting nonparties to any unnecessary expense. 1 Fed. R. Civ. P., Rules and Commentary, Rule 45, February 2016 Update (emphasis added) (noting that the new scheme for production of documents via subpoena puts in place clear geographic limits on where the recipient of the subpoena can be required to produce documents, but the practical reality is that documents can be readily copied and shipped across the country via mail, courier, or others means); *see* Fed. R. Civ. P. 45 advisory committee's note (2013).

Here, as mentioned above, the place of compliance is Springfield, Illinois. A search of Commerce Bank's branch locator reveals there are branches in Pekin, Bloomington, Normal, Peoria, Metamora, Edwardsville, Lexington, Champaign, and Roanoke, Illinois — locations all within 100 miles of Springfield, Illinois. Accordingly, the Court finds that Commerce Bank

regularly transacts business within 100 miles of Springfield, Illinois and, as such, the subpoena issued to Commerce Bank was valid. Moreover, the Court takes judicial notice that Springfield, Illinois is within the 100 mile geographic limit of this District, as required by Rule 45[2]. Accordingly, the Court finds that it has appropriate jurisdiction to address the motions concerning said subpoena.

The Court further notes that it would be remiss if it did not address the practical aspects of Moran's Motion. While the Court is cognizant that a party may not waive subject matter jurisdiction, the Court must point out that it is troubling that this issue was not raised when Moran's motion to quash was briefed or argued. As stated earlier, this matter is fast approaching trial and, if the Court were to reach the result that Moran requests, it would only delay the matter in this Court while the motion to quash was unnecessarily reheard and give Moran a second bite at the apple in a different forum. The Court finds that such a result is in contravention of Rule 1 of the Federal Rules of Civil Procedure, which prescribes that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." As stated earlier, with this Court's emphasis added, the Federal Rules, and Rule 45 in particular, anticipates that lawyers will cooperate and use common sense. This Court expects no less.

## CONCLUSION

Based on all the foregoing, Moran's Motion to Vacate Order on Motion To Quash Subpoena, and to Transfer Motion to Quash Subpoena, Pursuant to 28 U.S.C § 1631 to the United States Court for the Western District of Missouri (Doc. 65) is **DENIED**. The response

---

[2] A search of www.google.com/maps indicates that Springfield, Illinois 62791 is 97.2 miles from the Southern District of Illinois, East St. Louis, Illinois Courthouse.

5

deadline for the Subpoena issued to Commerce Bank is no longer stayed.  Any response shall be provided by **February 29, 2016**.

**IT IS SO ORDERED.**

**DATED: February 22, 2016**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**