IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WESTMORE EQUITIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF COULTERVILLE, | ) | Case No. 3:15-cv-241-MJR-DGW |
| | ) | |
| Defendant/Third-party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MORAN ECONOMIC DEVELOPLMENT, LLC, | ) | |
| | ) | |
| Third-party Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure against Terry I. Bruckert, John P. Long, Bruckert, Gruenke & Long, P.C. & Moran Economic Development, LLC, filed by Village of Coulterville (Doc. 84). For the reasons set forth below, the Motion is **DENIED**.

**PROCEDURAL BACKGROUND**

In this action, Westmore Equities, LLC ("Westmore") filed suit against the Village of Coulterville ("the Village") for failing to perform on a contract involving tax increment financing. Subsequently, the Village, acting as a third-party plaintiff, sued Moran Economic Development, LLC ("Moran") alleging, among other things, fraudulent inducement of its contract with Westmore. On January 5, 2016, the Village issued a subpoena to a non-party in this action, Commerce Bank, seeking financial information about Moran ("the Subpoena"). On January 15,

2016 Moran filed a motion to quash the Subpoena issued to Commerce Bank (*see* Doc. 52). After the issues were fully briefed, this Court held a hearing on Moran's motion to quash on January 21, 2016 (*see* Doc. 56). The Court then issued an order granting the motion in part and denying the motion in part (Doc. 63). Specifically, the Court ruled, in pertinent part,

> . . . the Village is ORDERED to reissue its subpoena to Commerce Bank by January 29, 2016, with an amendment of the time period for which documents are sought from the inception of Moran Economic Development, LLC to the present. The Village is ORDERED to provide that Commerce Bank's response is due twenty days from the date of issuance.

The Village reissued the Subpoena in compliance with the undersigned's order on January 26, 2016 (Doc. 70-1). On February 1, 2016, Moran filed a Motion to Vacate Order on Motion to Quash Subpoena, and to Transfer Motion to Quash Subpoena Pursuant to 28 U.S.C. § 1631, to the United States District Court for the Western District of Missouri (Doc. 65). On February 5, 2016, the Village of Coulterville filed its response (Doc. 69).

Prior to receiving a ruling on the Motion to Vacate, Moran filed an Objection to, and Request for Appeal from, Order of Magistrate Judge on Non-Dispositive Matter on February 8, 2016 (Doc. 70). In its appeal of the Magistrate Judge's decision, Moran asked the District Judge to vacate the undersigned's Order on the Motion to Quash and instruct the undersigned to transfer the Motion to Quash to the United States District Court for the Western District of Missouri (*see* Doc. 70). The following day, February 9, 2016, Moran filed a Motion to Stay the Subpoena Response Deadlines, pending a ruling on the Motion to Vacate and Appeal of the Magistrate Judge's Order (Doc. 71).

Prior to any response being filed, the District Court denied Moran's appeal as premature, noting that prior to filing said appeal Moran filed its Motion to Vacate, which remained pending (*see* Doc. 72). Similarly, the undersigned ruled on Moran's Motion to Stay (granting it in part and

finding it moot in part) prior to any response being filed (*see* Doc. 73).   On February 22, 2016, the Court denied Moran's Motion to Vacate and Transfer and ordered that any response to the Subpoena issued by the Village be provided by February 29, 2016 (*see* Doc. 76).   No other motions regarding the Commerce Bank Subpoena were filed.

On March 1, 2016, the Village filed the Motion for Sanctions pursuant to Rule 11 before the Court (Doc. 84).   In its motion, the Village asserts that as a direct result of Moran's filing of the Motion to Vacate, Motion to Appeal, and Motion to Stay, it incurred unnecessary expense related to the response and defense of itself against what it characterizes as frivolous filings.   Accordingly, the Village asks the Court to sanction Terry I. Bruckert, John P. Long, Bruckert, Gruenke & Long, P.C., and Moran for filing the Motion to Appeal and Motion to Stay for improper purposes and impose monetary sanctions in the amount of $4,0000.00, the amount it asserts it incurred in additional legal expenses and costs related to the filing of Moran's motions.   Moran timely filed its response in opposition to the Village's motion, asserting that the motions related to the Subpoena issued to Commerce Bank were not frivolous or brought with an improper purpose (Doc. 93).   Moran also notes that the Village did not file a response in opposition to its Appeal or Motion to Stay for which it seeks monetary sanctions as said filings were only pending for three and ten days, respectively.

## DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure authorizes sanctions against a party or attorney who files motions for an improper purpose, such as to harasses or needlessly increase the cost of litigation, or makes contentions that have no basis in law or fact.   FED. R. CIV. P. 11(b).   If warranted, sanctions may be awarded for reasonable expenses, including attorney's fees, incurred for the motion.   The purpose of Rule 11 is to deter baseless filings in the district court.   *Cooter &*

*Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In determining whether Rule 11 sanctions are warranted, the Seventh Circuit directs that courts must "undertake an objective inquiry into whether the party or his counsel should have known that his position was groundless." *CUNA Mut. Ins. Soc. V. Office and Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987)). Further, the Seventh Circuit has articulated that "a frivolous argument or claim is one that is baseless and made without reasonable and competent inquiry." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) (citation omitted).

Although the Court finds that the filings the Village complains of may be characterized as redundant (in particular, the motion to vacate and transfer and the appeal of the Magistrate Judge's order), it is not convinced that Moran's filings were frivolous or made without some basis in law or fact. Indeed, the motion to quash the Subpoena was granted in part, as the Court found that an amendment of the time period for which the documents were sought was necessary. Further, the motion to vacate or transfer, although ultimately denied, was founded on existing law (albeit, law the Court did not find persuasive in this case). The Court also notes that the two motions the Village mentions in its request for $4,000.00 for unnecessary litigating expenses, the motion to appeal and motion to stay, were pending only briefly with the Court and no response by the Village was filed. For these reasons, the Court does not find that the motions related to the Subpoena issued to Commerce Bank are sanctionable.

## CONCLUSION

For the reasons set forth above, the Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure against Terry I. Bruckert, John P. Long, Bruckert, Gruenke & Long, P.C. & Moran Economic Development, LLC, filed by Village of Coulterville (Doc. 84) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 21, 2016**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**