| | |
|---|---|
| **WESTMORE EQUITIES, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **VILLAGE OF COULTERVILLE,** ) | **Case No. 15-cv-0241-MJR-DGW** |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **MORAN ECONOMIC DEV., LLC,** ) | |
| ) | |
| Third-Party Defendant. ) | |

<u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

I. Introduction

This case, initiated in March 2015, concerns the validity of an agreement between the parties regarding Tax Increment Financing dollars ("TIF Funds") generated by the construction of a Dollar General Store in Coulterville, Illinois. In September 2016 this Court granted summary judgment in favor of the Plaintiffs (Docs. 102, 103). The grant of summary judgment was premised upon a number of complex findings about the authority of the parties to enter into various contracts and agreements, or alternatively, the basic principle of estoppel. A more thorough history of the underlying facts and findings can be found in this Court's orders granting summary judgment for the Plaintiffs (Docs. 102 and 103). The Defendants (Appellants) filed a notice of appeal, and simultaneously requested a stay of judgment (Docs. 109-111). The request for a stay of judgment is now before the Court for a decision.

## II. Pertinent Facts

The Appellants seek a stay of judgment pending the outcome of the appeal (Doc. 111). The Appellees oppose the requested stay on two grounds: first, that the judgment was not a money judgment; and, second, that the relevant factors do not weigh in favor of a stay (Doc. 124). In the alternative, the Appellees' request that the Appellants place funds into a supersedeas bond (*Id.*). The Court directed the parties to specifically address the amount of money to be placed in a bond (Dkt. entry 128). The Appellees requested a bond of $75,600.00—an amount comprised of monies owed for 2013 and 2014, projected figures for 2015 and 2016, and the amount of costs awarded in relation to summary judgment (Doc. 130). The Appellants timely responded, continuing to oppose the necessity of a bond, but agreeing with the amount calculated by the Appellees in the event that the Court requires a bond.

## III. Legal Analysis

FEDERAL RULE OF CIVIL PROCEDURE 62(d) allows an appellant to stay a monetary judgment by posting a supersedeas bond. "The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." **FED. R. CIV. P. 62(d).** This Court possesses discretion regarding the appropriateness of a bond, though the Seventh Circuit has found that requiring a bond "is the simplest way" of assuring an appellee that payment on an underlying judgment will be made should the appellee prevail on appeal. *Lightfoot v. Walker,* **797 F.2d 505, 507 (7th Cir. 1986).** The factors to be considered when issuing a stay include: (1) the showing of likelihood of success on appeal; (2) the

likelihood of irreparable harm absent a court order; (3) the harm to other parties from a possible court order; and, (4) the public interest.  *Hilton v. Braunskill*, **481 U.S. 770, 777 (1987).**

First, as to the likelihood of success on appeal—this Court is not persuaded that the Appellants are *likely* to succeed, but the Court does acknowledge that reasonable jurists could differ on the interpretation of the parties' contractual powers and obligations that this Court was required to interpret in granting summary judgment. Given the complexity of TIF funds, and the lack of authority directly resolving the conflict between the parties, the Court cannot say that there are no debatable issues to be addressed on appeal.  Thus, even though the Court stands by its ruling on summary judgment, the Court finds that this factor weighs in favor of requiring a bond given the possibility that there are meritorious arguments to be made on appeal.

Second, the Court does not find the likelihood of irreparable harm to weigh explicitly for or against granting a stay and requiring a bond in this case.  On one hand, the Appellants suggest that if the funds are paid during the pendency of the appeal, the Appellee's may in essence wind-up shop and liquidate the funds.  The Court finds this suggestion improbable because the Appellants have not identified any plausible reason why the Appellees would wind-up and dissolve their assets.

On the other hand, as to the third factor (harm to other parties), the Appellees suggest that the Appellants may make the funds unavailable to them by depleting the TIF fund during the pendency of the appeal (Doc. 124 at 5).  The Court finds this suggestion similarly implausible because the Appellees have not provided any

explanation as to how the Appellants could deplete these funds—and the Court's understanding is that once the funds are earmarked for certain valid TIF purposes, those funds cannot be easily redistributed.  The Appellants insist that a bond is unnecessary or useless because they do not have the authority to reallocate or diminish the TIF funds in the interim, but they do not explicitly argue that taxpayers or any other party would be affirmatively *hurt* by the placement of the funds in a bond.  Accordingly, the Court does not find that any party has made a persuasive argument on this factor.

Fourth, the Court finds that public interest weighs slightly in favor of requiring a bond in this case.  As the Seventh Circuit has stated, a supersedeas bond is the "simplest" way to maintain the security and finality interests that typically accompany the entry of judgment.  This case has already cost the parties sufficient funds and time, so there is a vested interest in finality of judgment.

## IV. Conclusion

Based on the factors analyzed above, the Court GRANTS the Appellants request for a stay contingent on the Appellants cooperation with a supersedeas bond in the amount of $75,600.00.  This Court does not have explicit rules for calculating the proper amount of a bond, but the parties have agreed on this amount and the Court does not find it unreasonable.   Therefore, the Court approves a bond in the amount of $75,600.00.  The requested stay will become effective when the Appellants deposit the supersedeas bond, as set forth above.  Until the supersedeas bond is deposited, the judgment remains in full force and effect as to all parties.

**IT IS SO ORDERED.**

DATED: December 30, 2016

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge